```
         UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF WEST VIRGINIA
                 AT CHARLESTON
```

**PAUL ALDERMAN, III,**

      Plaintiff,

v.                        Civil Action No. 2:22-cv-512

**ADT, LLC,**

      Defendant.

### MEMORANDUM OPINION AND ORDER

Pending is plaintiff's motion to remand, filed December 9, 2022. ECF 5. The motion is ripe for adjudication.

### I. Background

On September 22, 2022, plaintiff filed his complaint in the Circuit Court of Kanawha County, West Virginia. ECF 1-1. Plaintiff alleges he was previously employed by defendant as an associate service technician. Id. ¶¶ 4-5. During his employment, plaintiff "was involved in an automobile accident while in the performance of his duties for the [d]efendant" which caused plaintiff to suffer neck, back, and leg injuries. Id. ¶¶ 7-8. Due to the accident, plaintiff took time off work, and filed a claim for workers' compensation benefits. Id. ¶¶ 9-11. Also, while employed by defendant, plaintiff suffered "from

additional physical impairments which substantially limited him in one or more major life activities." Id. ¶ 12. These "impairments and conditions included...stroke, coronavirus, covid pneumonia, acute hypoxemic respiratory failure, hyperkalemia, migraines, elevated LFT's, hyperglycemia, hypoxemia, hypomagnesemia, epistaxis, congenital renal agenesis, unilateral dyspnea[,] and hypertension." Id.

Due to these conditions and the ensuing treatments, plaintiff requested leave pursuant to the Family Medical Leave Act ("FMLA") and the West Virginia Human Rights Act ("WVHRA"). Id. ¶ 19. Plaintiff was granted leave for a period of time, before being discharged by defendant on March 1, 2022. Id. ¶¶ 20-24.

The complaint asserts four causes of action. Counts I and III are being brought under the WVHRA for disability discrimination and retaliation, respectively. Id. ¶¶ 28-32; ¶¶ 38-42. Count II asserts a claim under the FMLA, in violation of 29 U.S.C. § 2615, while Count IV brings a claim for workers' compensation discrimination, based on retaliatory discharge, in violation of W. Va. Code § 23-5A-1. Id. ¶¶ 33-37; ¶¶ 43-48.

On November 9, 2022, defendant filed its notice of removal. ECF 1. Defendant has invoked this court's jurisdiction under 28 U.S.C. § 1331, inasmuch as plaintiff's

Count II (FMLA) raises a federal question.[1] Id. ¶¶ 6-7. Defendant then avers the court has supplemental jurisdiction over Counts I, III, and IV pursuant to 28 U.S.C. §§ 1367 and 1441(c). Id. ¶¶ 8-9. In its notice of removal, defendant recognizes that generally under 28 U.S.C. § 1445(c), workers' compensation claims are nonremovable. Id. ¶ 9. However, defendant believes that because the court has federal question jurisdiction under 28 U.S.C. § 1331, the court may exercise supplemental jurisdiction over the workers' compensation claim. Id.

Plaintiff timely filed a motion for remand in which he argues his workers' compensation claim in Count IV is a "nonremovable action" under the express provisions of 28 U.S.C. § 1445(c), and that the force and effect of § 1445(c) applies whether the court exercises federal question or diversity jurisdiction. ECF 6 at 2-8. According to plaintiff the court lacks jurisdiction over plaintiff's three other claims, as they all arise from a single wrong, which also forms the basis of his workers' compensation claim. Id. at 1, 6-7. Therefore, plaintiff asserts remand of all claims is warranted. Id. at 8.

---

[1] Defendant also states the court has jurisdiction over all claims pursuant to 28 U.S.C. § 1332, as there is complete diversity amongst the parties and the amount in controversy exceeds $75,000. ECF at 1; ¶ 6, n.2.

In response, defendant argues plaintiff relies on outdated case law and that 28 U.S.C. § 1441(c) supports removal. See ECF 10. Defendant claims that, because plaintiff has stated a federal question, remand of the entire action is improper. Id. at 4-5. According to defendant, when jurisdiction has been properly conferred, the court lacks authority to abstain from exercising its jurisdiction. Id. Defendant claims the court should exercise supplemental jurisdiction over plaintiff's claims brought under the WVHRA (Counts I and III). Id.

In his reply, plaintiff asserts defendant has abandoned its argument, raised in the notice of removal, that the court has jurisdiction over the workers' compensation claim; and that regardless of whether the court exercises jurisdiction over his FMLA claim, the court should remand all state law claims. ECF 11 ¶¶ 1-2.

## II. Governing Standards

28 U.S.C. § 1441 governs removal jurisdiction. In relevant part the statute states:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.

4

28 U.S.C. § 1441(a).  An action first filed in state court may be removed to a district court, if the district court would have had original jurisdiction over the action had it been originally filed in federal court.  See Home Depot U.S.A., Inc. v. Jackson, 139 S. Ct. 1743, 1748 (2019) ("[A] district court, when determining whether it has original jurisdiction over a civil action, should evaluate whether that action could have been brought originally in federal court.").  The party seeking removal bears the burden of establishing that federal subject matter jurisdiction exists, and that removal is proper.  Hoschar v. Appalachian Power Co., 739 F.3d 163 (4th Cir. 2014).

One source of original jurisdiction is 28 U.S.C. § 1331, which provides "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "[R]emoval is appropriate if the face of the complaint raises a federal question."  Lontz v. Tharp, 413 F.3d 435, 439 (4th Cir. 2005).  A second source of original jurisdiction is 28 U.S.C. § 1332, which confers jurisdiction to the district courts when the amount in controversy exceeds $75,000 and there is diversity of citizenship amongst the parties.  28 U.S.C. § 1332(a).

If a district court "lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Because removal jurisdiction raises significant federalism concerns, [the court] must strictly construe removal jurisdiction." Common Cause v. Lewis, 956 F.3d 246, 252 (4th Cir. 2020) (quoting Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994)). "If federal jurisdiction is doubtful, a remand is necessary." Id.

### III. Analysis

#### A. Diversity Jurisdiction

The court finds defendant has failed to present sufficient evidence to show that this court has original jurisdiction under 28 U.S.C. § 1332. While in its notice of removal, defendant generally claims that the amount in controversy requirement is satisfied and that the parties are diverse, these assertions are insufficient to support federal jurisdiction once challenged by plaintiff.

The party seeking to invoke the court's diversity jurisdiction "bears the burden of proof, by a preponderance of the evidence, to show the parties' citizenship to be diverse." Zoroastrian Ctr. and Darb-E-Mehr of Metro. Washington, D.C. v.

Rustan Guiv Found. of New York, 822 F.3d 739, 748 (4th Cir. 2016) (citing Mulcahey, 29 F.3d 148). Here, because defendant is a limited liability company, in order to determine its citizenship, the court must know the citizenship of all of its members/directors. See Gen. Tech. Applications, Inc. v. Exro Ltda., 388 F.3d 114, 121 (4th Cir. 2004) ("For the purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of all of its members, regardless of the characterization of that membership.") (emphasis omitted); see also Horne v. Lighting Energy Services, LLC, 123 F. Supp.3d 830, 837 (N.D.W. Va. 2015).

In this instance, defendant has failed to show by a preponderance of the evidence that the citizenship of the parties is diverse. The only support defendant provides is found in footnote two of its notice of removal where it is stated that defendant is a Delaware corporation with its principal place of business in Florida. ECF 1 ¶ 6 n.2. Defendant then adds that, "no managers/directors of ADT LLC reside within the State of West Virginia." Id. The court finds these unsupported, unverified allegations are insufficient to show by a preponderance of the evidence, that the citizenship of the parties is diverse. Thus, the court finds it is without jurisdiction over this action pursuant to 28 U.S.C. § 1332.

B.   Federal Question Jurisdiction

The court finds it has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, as Count II arises "under ...the laws...of the United States." Count II clearly raises a federal question as it is titled "Violation of Family Medical Leave Act" and seeks relief for violations of FMLA, 29 U.S.C. § 2601, et seq. ECF 1-1 at ¶¶ 33-37. Moreover, plaintiff is seeking damages awardable under 29 U.S.C. § 2617(a)(1) and is also seeking attorney's fees and costs pursuant to 29 U.S.C. § 2617(a)(3). Id. at ¶¶ 35, 37. The court thus finds plaintiff's complaint has raised a federal question under 28 U.S.C. § 1331.

C.   28 U.S.C. §§ 1441(c) and 1445(c)

In determining whether removal is proper, the court considers the interplay between 28 U.S.C. § 1441(c) and 28 U.S.C. § 1445(c). 28 U.S.C. § 1441(c) states:

> (1) If a civil action includes—
>
>    (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>
>    (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute,

8

> the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
>
> (2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

28 U.S.C. § 1441(c)(1)-(2). Meanwhile, 28 U.S.C. § 1445(c) provides:

> A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States.

28 U.S.C. § 1445(c) (emphasis added). Plaintiff argues § 1445(c) prevents the removal of this action, as Count IV is a claim brought under the workers' compensation laws of West Virginia. See ECF 6 at 3-8; ECF 1-1 at ¶¶ 43-48.

In support, plaintiff cites to the court's decision in Husk v. E.I. Du Pont De Nemours and Co., 842 F. Supp. 895 (S.D.W. Va. 1994). ECF 6 at 4-5. In Husk, plaintiff brought suit in West Virginia state court and alleged a workers' compensation retaliatory discharge claim in violation of W. Va. Code § 23-5A-1. Id. at 896. Defendant filed a notice of removal and invoked the court's jurisdiction under 28 U.S.C. §

9

1332.  Id.  The court, relying on Thomas v. Kroger Co., 583 F. Supp. 1031 (S.D.W. Va. 1984), concluded "28 U.S.C. § 1445(c) applies to bar removal of actions" brought under W. Va. Code § 23-5A-1.  Id. 896-97.  Accordingly, the court found remand of this claim was proper.  Id.

As for the plaintiff's other claims, "not grounded in West Virginia Workers' Compensation Law" the court held remand was also proper.  Id. at 888.  The court found 28 U.S.C. § 1441(c), as then in effect, prohibited it from exercising jurisdiction over plaintiff's remaining claims.  Id.  Of importance for the case at hand, is the court's commentary found in footnote five, which reasoned even when a plaintiff brings a federal question claim, if plaintiff is pursuing a claim based on violation of state workers' compensation law, "the case may not be removed to federal court if all of the plaintiff's claims arise from a single wrong."  Id. at 888 n.5.

Here, plaintiff argues because his cause of action in Count IV is being brought under W. Va. Code § 23-5A-1, and all his claims arise from a single wrong, footnote five from Husk requires the entire action be remanded.  ECF 6 at 3-8.

In opposition, defendant claims plaintiff is relying on an outdated version of 28 U.S.C. § 1441(c) and thus, outdated case law.  ECF 10 at 2.  The current version of 28 U.S.C. §

10

1441(c) went into effect on January 7, 2012, after Congress passed the Federal Court Jurisdiction and Venue Act of 2011. Pub. L. No. 112-63, §§ 103(b), 104, 125 Stat. 758, 760, 762. Defendant argues the amended language of 28 U.S.C. § 1441(c) "makes it clear that [defendant] properly removed the case." Id.

28 U.S.C. § 1441(c) now provides that if a complaint raises a federal question under 28 U.S.C. § 1331, but also raises a claim that is nonremovable by statute, "the entire action may be removed, if the action would be removable without the inclusion of [the nonremovable claim]." 28 U.S.C. § 1441(c)(1)(A)-(B). In such instances, the court must sever and remand the nonremovable claim to state court. 28 U.S.C. § 1441(c)(2).

The court agrees with defendant that plaintiff relies on an outdated version of 28 U.S.C. § 1441(c) and, consequently, outdated case law in arguing for remand. Because plaintiff's complaint raises a federal question, defendant has properly removed this action.

Once removed, 28 U.S.C. § 1441(c)(2) states "the district court shall sever from the action all [nonremovable claims] and shall remand the severed claims to the State court from which the action was removed." 28 U.S.C. § 1441(c)(2).

11

Based on the clear language of 28 U.S.C. § 1441(c), the court finds remand of plaintiff's claim for workers' compensation discrimination in violation of W. Va. Code § 23-5A-1, found in Count IV, is appropriate.[2]

### D. Supplemental Jurisdiction

Finally, the court must determine if it should exercise supplemental jurisdiction over plaintiff's claims of disability discrimination under the WVHRA (Count I) and retaliation under the WVHRA (Count III). The exercise of supplemental jurisdiction is appropriate when the state and federal claims "derive from a common nucleus of operative fact" and are "such that [a plaintiff] would ordinarily be expected to

---

[2] The court's decision is not only supported by the language of 28 U.S.C. § 1441(c) but is also supported by district courts throughout the country. See Hicklin v. City of Hampton, No. 4:21-cv-34, 2021 WL 1921019 (E.D. Va. May 12, 2021) (severing and remanding plaintiff's retaliation claim brought under state workers' compensation law, but exercising federal question jurisdiction over claim brought under the Americans With Disabilities Act); Carr v. American Bottling Co., No. 4:21-cv-325 SRW, 2021 WL 1733526 (E.D. Mo. May 3, 2021) (remanding plaintiff's state law workers' compensation claim, but retaining jurisdiction over plaintiff's FMLA claim); Kaylor v. Multi-Color Corp., 488 F.Supp. 3d 640 (S.D. Ohio 2020) (invoking 28 U.S.C. § 1441(c)(1) to sever and remand plaintiff's state law worker's compensation claim, but retaining jurisdiction over plaintiff's federal question); Steele v. The Glass House, Inc., No. EP-18-cv-152-PRM, 2018 WL 7288575 (W.D. Tex. June 13, 2018) (severing and remanding plaintiff's state workers' compensation claim, but exercising federal question jurisdiction over FMLA claim).

try them all in one judicial proceeding." United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966). The justification for exercising supplemental jurisdiction "lies in considerations of judicial economy, convenience, and fairness to the litigants." Id. at 726; see also Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 (1988) (stating "a federal court should consider and weigh...the values of judicial economy, convenience, fairness and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims").

28 U.S.C. § 1367 codified the holding in Gibbs and its progeny. Shanaghan v. Cahill, 58 F.3d 106, 109 (4th Cir. 1995). Section 1367(a) provides that "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). However, district courts

> may decline to exercise supplemental jurisdiction...if (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

13

In considering whether the court has supplemental jurisdiction over Counts I and III, the court will first consider judicial economy and convenience.  This case presents a unique set of facts for the court to consider.  As already noted, the court is required to remand plaintiff's workers' compensation discrimination claim (Count IV), but the court retains federal question jurisdiction over plaintiff's FMLA claim (Count II).

When looking at the factual allegations which form the basis of plaintiff's claims, largely the same facts are alleged in support of Counts I, II, and III.  See ECF 1-1 at ¶¶ 12, 19-20, 24.  Therefore, because the discovery that will be conducted regarding Counts I, II, and III will overlap, the court finds such discovery should occur in the same judicial proceeding.  The court finds judicial economy and convenience weigh in favor of exercising supplemental jurisdiction over Counts I and III.

Next, the court considers the fairness of exercising supplemental jurisdiction over Counts I and III.  Because the claims in Counts I, II, and III all arise from a common nucleus of operative facts, the court finds all three causes of action should be litigated in the same lawsuit.  Fairness weighs in favor of exercising supplemental jurisdiction as this will

prevent the risk of inconsistent judgments concerning similar issues.

Further, the court recognizes no reason to abstain from exercising supplemental jurisdiction. The causes of action in Counts I and III are neither novel nor complex and they do not substantially predominate over Count II. Accordingly, the court will exercise supplemental jurisdiction over plaintiff's first and third causes of action because they are so closely related to his FMLA claim that "they form part of the same case or controversy."

### IV.   Conclusion

For the foregoing reasons the court GRANTS in part and DENIES in part Plaintiff's motion to remand. Count IV of plaintiff's complaint is remanded to the Circuit Court of Kanawha County. This court will maintain jurisdiction over Counts I, II, and III. In view of this disposition, the court DENIES plaintiff's request for attorney's fees and costs.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: February 1, 2023

John T. Copenhaver, Jr.
Senior United States District Judge